**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION**

**BETTY NABORS,**

**Plaintiff,**

**vs.** **CASE NO. 4:14cv437-MW/CAS**

**NANCY A. BERRYHILL, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security,**[1]

**Defendant.**

**________________________/**

## REPORT AND RECOMMENDATION

Plaintiff filed an unopposed petition requesting an award of attorney's fees for work done before this Court pursuant to 42 U.S.C. § 406(b) in the amount of $28,253.50, which is 23% of Plaintiff's past-due benefits. ECF No. 24 at 3. Plaintiff describes the intricacies of the proceedings below including a prior award of EAJA attorney fees of $9,600.00. ECF No. 24 at

---

[1] Defendant's title has changed. *See* https://www.ssa.gov/agency/commissioner.html (last viewed Apr. 18, 2018).

4. Plaintiff further explains that "after the § 406(b) attorney fee is received and the EAJA fee is refunded to the Plaintiff, the resulting net attorney fee will be $18,453.50 from the past-due benefits in this matter (equivalent to a 15.5% attorney fee) for work performed in federal court." ECF No. 24 at 4.

Gisbrecht v. Barnhart, 535 U.S. 789, 122 S. Ct. 1817, 152 L.Ed.2d 996 (2002), established guidelines for calculating a reasonable fee pursuant to 42 U.S.C. § 406(b). The Court in Gisbrecht said that the district court should first look to the contingent fee agreement and then test the fee sought for reasonableness. 535 U.S. at 808, 122 S. Ct. at 1828. The Court suggested that the fee should be reduced if the representation was substandard, if the attorney was responsible for delay, or if the fee is a windfall (that is, "large in comparison to the amount of time counsel spent on the case" when compared to the "lawyer's normal hourly billing charge for noncontingent-fee cases"). *Id*.

Here, the fee sought for attorney time is reasonable in light of the work performed, the result achieved, and in comparison with other fee awards in Social Security cases. The reasoning of Magistrate Judge Davis in Toler v. Barnhart, No. 3:02cv299-LAC/MD, 2004 U.S. Dist. LEXIS

32025 (N.D. Fla. Apr. 8, 2004), *adopted*, 2004 U.S. Dist. LEXIS 32024 (N.D. Fla. May 10, 2004) is persuasive:

> Other circuits have recognized instances in addition to those suggested by the *Gisbrecht* court in which reduction of the contracted 25% amount might be warranted, but none of those are present here. Plaintiff's counsel was diligent in his representation of plaintiff in this case, and his efforts certainly were not substandard. The only other reason advanced by the Supreme Court concerned the reasonableness of the fee in relation to the amount of work performed. Thus, where counsel effectively seeks a windfall, his fee ought to be reduced. Twenty five percent of the plaintiff's award in this case is $18,981.50, or at least that is the amount the Commissioner withheld. That amount, divided by the 11.6 hours reasonably expended in this court, would result in an hourly rate of $1636. While that is very high, it is not uncommon for lawyers who represent plaintiffs in personal injury and wrongful death litigation to receive similar fees. Plaintiffs in those cases, who often have been severely injured and are unable to work, commonly agree to contingency fees of between 33% and 40%, and their ultimate recovery, if there is one, is reduced by that amount. But counsel here is not asking for 25% as his contract with plaintiff otherwise entitles him. Rather, his requested fee will come to 7.66% of plaintiff's recovery after she is refunded the EAJA award. While that results in an effective hourly rate of $625, the court must recognize that if counsel's efforts had failed in this appeal, his hourly rate would have been zero, and plaintiff would have received nothing. The court must also recognize that plaintiffs face a very heavy burden in winning Social Security appeals, and that reversal is the exception in this court, not the rule, further underscoring the contingent nature of these cases.

2004 U.S. Dist. LEXIS 32025, at *5-6. The fee sought is reasonable.

"Plaintiff seeks a fee authorization in the amount of $28,253.50. Upon the receipt of the fee authorized pursuant to this Petition and the EAJA, the lesser of the two will be refunded to the Plaintiff." ECF No. 24 at 6.

Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's unopposed petition for attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $28,253.50 be **GRANTED** and the Court **ORDER** the Deputy Commissioner to disburse $28,253.50 to Plaintiff and the money ultimately disbursed as noted in the prior paragraph.

**IN CHAMBERS** at Tallahassee, Florida, on May 3, 2018.

**s/ Charles A. Stampelos**
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the**

**unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**